UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRONIC TRANSACTION CONSULTANTS, et al.,<br><br>    Defendants. | CASE NO. 3:17-cv-06009-RJB<br><br>ORDER (1) DECLINING TO RECUSE VOLUNTARILY, (2) REFERRING MOTION TO CHIEF JUDGE, AND (3) STAYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Plaintiff's "Motion to Rescue[*sic*]." Dkt. 20. Also pending is Plaintiff's Motion for Reconsideration. Dkt. 22. The Court has reviewed the motion and the remaining file.

The Court deems Plaintiff's motion, which refers to a "Ryan Bryant," to be a motion to recuse the undersigned.

The Court has previously been assigned to a prior matter filed by Plaintiff. *Johnson v. ETCC*, Cause No. C14-5872.

ORDER (1) DECLINING TO RECUSE VOLUNTARILY, (2) REFERRING MOTION TO CHIEF JUDGE, AND (3) STAYING PLAINTIFF'S MOTION FOR RECONSIDERATION- 1

Plaintiff filed this matter on December 6, 2017, seeking leave to proceed *in forma pauperis*. Dkt. 1. After giving Plaintiff the opportunity to remedy dispositive defects in the Proposed Complaint, which the Court identified in an Order to Show Cause, Dkt. 4, on February 20, 2018, the Court denied the Motion for Leave to Proceed in Forma Pauperis. Dkt. 17. Rather than dismissing the case without prejudice because Plaintiff had failed to remedy dispositive defects, the Court gave Plaintiff the option of proceeding with the case at her own expense, by paying the filing fee by March 20, 2018. Dkt. 17.

Plaintiff filed the motion to recuse on March 9, 2018. She also filed a Motion for Reconsideration of the February 20, 2018 Order denying the Motion for Leave to Proceed In Forma Pauperis. Dkt. 22.

In its substantive content, the motion to recuse predominantly quotes statutes and case law. *See* Dkt. 22. Plaintiff requests a "change of judge as a matter of right" under RCW 4.12.040 and .050, but the statutory mechanism invoked, the notice of disqualification, originates in State law, not federal law, and is inapplicable to federal courts, including this Court. The motion also states:

> Facts presented:
> 1. Judge refused Plaintiff an attorney.
> 2. Proceeded with a case notice to remove outside preliminary of 30 days.
> 3. Refused default judgment when fraud was indicated. Called plaintiff out of name by belittling her.
> 4. Dismissed case without probable cause by misquoting statute stating plaintiff statute of limitations had expired. The law states different. . .
> 5. Misquoted law to favor defendants stating statute of limitations was up. This would be considered malpractice and favoritism towards Government entities.
> 6. Denial of jury demand
> 7. 14 amendment violations

[*sic*] Dkt. 20 at 1.

Under W.D.Wash. Local Civil Rule 3(e):

Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

1. <u>Voluntary recusal.</u>

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. The judge shall also disqualify himself or herself in circumstances where the judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(a)–(b)(1). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned. *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). Adverse rulings by judges are not sufficient to justify disqualification. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute valid basis for a bias or partiality motion.").

Applied here, Plaintiff has not identified, nor is the Court aware, of any bias or prejudice that would reasonably call into question the Court's impartiality. All rulings have been based on the law and not on any personal animus against Plaintiff. The Court has strived for impartiality. The Court should decline to recuse voluntarily.

ORDER (1) DECLINING TO RECUSE
VOLUNTARILY, (2) REFERRING MOTION TO
CHIEF JUDGE, AND (3) STAYING PLAINTIFF'S
MOTION FOR RECONSIDERATION- 3

2. <u>Referral to Chief Judge.</u>

Pursuant to Local Civil Rule 3(e), this motion should be referred to the chief judge.

* * *

Accordingly, it is hereby **ORDERED**:

(1) This Court **DECLINES** to recuse voluntarily.

(2) Plaintiff's Motion to Recuse (Dkt. 20) is **REFERRED** to Chief Judge Ricardo S. Martinez for decision.

(3) Plaintiff's Motion for Reconsideration (Dkt. 22) is **STAYED** pending Judge Martinez' review of the case.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to place Plaintiff's Motion to Recuse (Dkt. 20) on Judge Martinez' motion calendar.

Dated this 13th day of March, 2018.

ROBERT J. BRYAN
United States District Judge

ORDER (1) DECLINING TO RECUSE VOLUNTARILY, (2) REFERRING MOTION TO CHIEF JUDGE, AND (3) STAYING PLAINTIFF'S MOTION FOR RECONSIDERATION- 4