# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BRENDA M. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> ELECTRONIC TRANSACTION CONSULTANTS, et al., <br><br> Defendants. | CASE NO. 3:17-cv-06009 RJB <br><br> ORDER ON REVIEW OF MOTION TO RECUSE |

On March 9, 2018, Plaintiff Brenda M. Johnson filed a Motion to Recuse the Honorable Robert J. Bryan in this matter. Dkt. #20. On March 13, 2018, Judge Bryan issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referred that decision to the Chief Judge for review. Dkt. #24; LCR 3(e).

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse

party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

Ms. Johnson's Motion relies on Washington State statutes and case law that are inapplicable to actions filed in federal court. *See* Dkt. #20 at 1 (citing RCW 4.12.040 and 4.12.050). Those statutes begin by stating "[n]o judge of a **superior court of the state of Washington**…" and "[any] party to or any attorney appearing in any action or proceeding **in a superior court** may disqualify a judge…" RCW 4.12.040 and 4.12.050. As such, these statutes do not afford Ms. Johnson the right to disqualify Judge Bryan here in federal court.

Ms. Johnson also presents argument indicating that she disagrees with Judge Bryan's prior rulings, that Judge Bryan "[c]alled plaintiff out of name by belittling her," and that he has shown "favoritism towards Government entities." Dkt. #20 at 1. The Court has reviewed the record and finds that Ms. Johnson is relying on prior adverse rulings by Judge Bryan as a basis for her Motion, and has failed to show that Judge Bryan's impartiality might reasonably be questioned.

Accordingly, the Court hereby finds and ORDERS that Judge Bryan's refusal to recuse himself from this matter is AFFIRMED. The Clerk shall provide a copy of this Order to Ms. Johnson.

DATED this 14th day of March 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE